IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **ALBERTO LOPEZ-OSCEGUERA,**<br><br>                    **Petitioner,**<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>                    **Respondent.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  1:07CV93DAK |

   This matter is before the court on Petitioner Alberto Lopez-Osceguera's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and Request for Appointment of Counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B).  Petitioner was sentenced on May 13, 2005, to 57 months in the custody of the Bureau of Prisons followed by 36 months supervised release.  Petitioner did not file a notice of appeal and did not file this motion under § 2255 until June 27, 2007.

   A one-year statute of limitation applies to motions brought under § 2255.  "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Petitioner's conviction became final when the possibility of direct review ended--when he failed to take a direct appeal within ten days of the entry of the judgment and sentence. *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000) (holding that the one-year limitation period begins to run when, after direct appeal, the time for filing a certiorari petition expires). Petitioner did not file a Notice of Appeal, therefore, his conviction became final on May 23, 2006.

The one-year statute of limitations is subject to equitable tolling but only in "rare and exceptional circumstances." *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) . This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, 531 U.S. 1194, 121 S. Ct. 1195, 149 L. Ed. 2d 110 (2001). Petitioner has the burden of establishing that equitable tolling should apply. *See Miller*, 141 F.3d at 978 (refusing to apply equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

Petitioner has failed to show "rare and exceptional circumstances" that would warrant equitable tolling of the one year statute of limitations. Petitioner has not demonstrated egregious

conduct on the part of counsel that would warrant equitable tolling. *See Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007).

Petitioner contends that his assistance of counsel was ineffective since his attorney did not file a notice of appeal despite his express direction to do so. Petitioner acknowledges however that his attorney told him that he would not file an appeal because there was no basis for an appeal. Petitioner's plea agreement contained the following waiver of appeal rights:

> I know that there is no appellate review of any lawful sentence imposed under a plea of guilty. I also know I may appeal the sentence imposed on me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

Statement in Advance of Plea, *United States v. Lopez*, Case No. 1:04CR71DAK Docket # 23. In a recent 10th Circuit opinion, the court found that a nearly identical waiver to that of Petitioner's precluded fault on the part of counsel for failing to file an appeal. *United States v. Romero-Cruz*, 2007 WL 2358691, *3 (10th Cir. Aug. 20, 2007). In *Romero-Cruz*, petitioner's counsel had also failed to file an appeal despite the petitioner's express request to do so. *Id.* The court found that because the petitioner had waived his appeal rights in his plea agreement, and because he could not show misconduct on the part of counsel, there was no basis for finding egregious conduct that would warrant equitable tolling. *Id.*

Therefore, in light of Petitioner's appellate waiver contained in his plea statement, and his failure to show misconduct on the part of counsel, his "counsel cannot be faulted for failing to file an appeal." *Id.* Furthermore, counsel's failure to file a notice of appeal does not amount to egregious conduct that would warrant equitable tolling. *Id.*

Petitioner has not provided any other reasons for his failure to file a motion under § 2255 for more than a year after his judgment became final.  The court declines to exercise its discretion to equitably toll the one-year statute of limitations.  Therefore, Petitioner's motions[1] are DENIED and this case is dismissed with prejudice.

DATED this 14th day of November, 2007.

BY THE COURT:

_____
Dale A. Kimball
United States District Judge

---

[1] The Court has reviewed the pleadings in this case and determines that justice does not require appointed counsel.  First, Petitioner has not asserted any colorable claims.  See Lewis, 1998 U.S. Dist. LEXIS 21998, at *10; Oliver v. United States, 961 F.2d 1339, 1343 (7th Cir. 1992).  Second, Petitioner has shown "the ability to investigate the facts necessary for his issues and to articulate them in a meaningful fashion."  Lewis, 1998 U.S. Dist. LEXIS 21998, at *10; Oliver, 961 F.2d at 1343.  Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance."  Lewis, 1998 U.S. Dist. LEXIS 21998, at *10; Oliver, 961 F.2d at 1343.  The Court, thus, denies Petitioner's Motion for Appointed Counsel.